UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK D. TAYLOR,<br>Plaintiff,<br>v.<br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br>Defendant. | No. CV-08-0357-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 16.) Attorney Lora Lee Stover represents Patrick Taylor (Plaintiff); Special Assistant United States Attorney Stephanie R. Martz represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on September 28, 2005. (Tr. 110.) He alleged disability due to anti-social personality disorder, back problems from degenerative disc disease and blindness of the left eye, with an alleged onset date of November 9, 2000. (Tr. 115-16.) His claim was denied initially and on reconsideration. (Tr. 39-46.) Plaintiff requested a hearing before

an administrative law judge (ALJ), which was held on February 13, 2008, before ALJ Richard Say. (Tr. 544-71.) Plaintiff, who was represented by counsel, and vocational expert Deborah Lapoint (VE) testified. The ALJ denied benefits on May 10, 2008, and the Appeals Council denied review. (Tr. 15-24, 4-6) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 40 years old. (Tr. 548.) He had a high school equivalency degree, was unmarried and lived with his fourteen year old son in an apartment. (Tr. 549.) He testified he hurt his back on the job in November 2000, and had earned very little money since that time. He had past work experience as a construction worker (form setter), a foundry worker, a janitor and a linen cleaner. (Tr. 116, 565.) He had an extensive drug abuse history, but stopped using so he could retain custody of his son. (Tr. 199.) He testified he and his son do little cooking or cleaning. He stated he was able to do laundry if necessary. (Tr. 551-52, 558-59.) His daily activities included shopping, sitting and watching television, sleeping and visiting with friends who come to see him. (Tr. 552, 559.) He testified he could lift ten or fifteen pounds, could sit in a chair for about one half hour, stand five or ten minutes, and walk about three blocks. (Tr. 553.) He stated he could squat or bend over if he had to, but it caused him pain. He testified he was not on any pain medication except occasional over-the counter medicine. (Tr. 556.) At the time of the hearing, he had just

started hepatitis C treatment. (Tr. 557-58.) He reported he had over 30 criminal charges, most of them relating to assault or domestic violence. (Tr. 563.)

**ADMINISTRATIVE DECISION**

ALJ Say first found Plaintiff met the insured status for DIB purposes through December, 31, 2004. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 17.) At step two, he found Plaintiff had severe impairments of degenerative disk disease of the lumbar spine, left eye blindness, an anxiety disorder, and a non-severe impairment of hepatitis C. (Tr. 17-18.) He determined at step three that Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 19.) At step four, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform light work with the following non-exertional restrictions: he should not do math; he has limited depth perception and should avoid heights and moving machinery; he can climb or stoop occasionally; he can carry out short, simple instructions; and he is restricted to superficial contact with coworkers and the general public. (Tr. 20.) In assessing Plaintiff's RFC, the ALJ found his symptom statements were not credible to the extent they were inconsistent with the RFC assessed. (Tr. 21.) Based on this RFC and VE testimony, the ALJ found Plaintiff was unable to perform his past relevant work. (Tr. 19.) Proceeding to step five, ALJ Say determined Plaintiff was able to perform other jobs that existed in significant numbers in the national economy, such as housekeeping

cleaner, cafeteria attendant, and merchandise marker. (Tr. 23.) He concluded Plaintiff was not under a "disability" as defined by the Social Security Act at any time from the alleged onset date through the date of his decision. (Tr. 24.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result

from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) assessed Plaintiff's credibility; (2) found no severe mental impairments other than anxiety disorder; (3) improperly rejected treating and examining medical opinions concerning his psychiatric diagnoses; (4) improperly assessed his RFC; and (5) posed an incomplete hypothetical question to the VE. (Ct. Rec. 14 at 8, 10-14.)

**DISCUSSION**

**A. Credibility**

Although Plaintiff asserts the ALJ erred in assessing his credibility, he does not identify specific findings that are erroneous. Nonetheless, *de novo* review indicates the ALJ's credibility findings are supported with "clear and convincing" reasons as required by case law. It is well-settled that when an adjudicator finds a claimant's statements as to the severity of impairments, pain and limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)*; Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ engages in a two-step analysis in

deciding whether to admit a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036. Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons. *Id.* In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair v. Bowen*, 885 F.2d at 597 n.5 (9th Cir. 1989).

The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). As explained by the Commissioner in his policy ruling, the ALJ need not totally reject a claimant's statements; he may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole. *SSR* 96-7p. "For example, an

adjudicator may find credible an individual's statement as to the extent of the functional limitations or restrictions due to symptoms; *i.e.*, that the individual's abilities to lift and carry are compromised, but not to the degree alleged." *Id.* If the ALJ's credibility finding is supported by substantial evidence in the record, "the court may not engage in second-guessing." *Thomas,* 278 F.3d at 959; *Fair*, 885 F.2d at 604 ("credibility determinations are the province of the ALJ").

Here, as noted by the ALJ, there is affirmative evidence of malingering. Specifically, the ALJ found evidence of malingering, criminal behavior, and drug and alcohol abuse. (Tr. 18, 199.) He noted Plaintiff's medical providers reported Plaintiff was exaggerating his symptoms, was inconsistent in his report of criminal history, his child protective services history and substance abuse. (*Id.*; Tr. 198, 206.) In addition, ALJ Say referenced results of objective testing by Dr. Debra Brown that indicated Plaintiff was malingering, and in her opinion, although he would have difficulty working with others due to anti-social traits, Plaintiff could work. (Tr. 18, 206-07, 215.) In explaining his basis for the RFC determination (which limited Plaintiff to "superficial contact" with coworkers and the public), the ALJ summarized Plaintiff's testimony, specifically noting inconsistencies between his allegations and the objective medical evidence, his statement to medical providers and the opinions of treating sources who opined he could perform work. (Tr. 21-22, 206, 215, 222.) To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Morgan*, 169 F.3d at 599 (quoting *Rashad v. Sullivan*, 903 F.2d 1229, 1231

(9th Cir. 1990). If there is no affirmative evidence of malingering, the reasons must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995.) Because there is clear evidence of malingering, "clear and convincing" reasoning was not required to reject Plaintiff's subjective statements. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Nonetheless, the ALJ rationally interpreted the evidence and articulated "clear and convincing" reasons for discounting the severity of Plaintiff's assertions of disabling symptoms. (Tr. 21.) Further, it is also noted that the ALJ's credibility findings did not totally reject Plaintiff's subjective symptoms. The final RFC incorporates exertional and non exertional limitations supported by the record in its entirety and Plaintiff's credible statements. (Tr. 20-22.)

**B. Step Two: Mental Impairments**

Plaintiff argues the ALJ erred when he ignored the diagnoses of medical sources and failed to find severe mental impairments of psychotic disorder and anti-social disorder. However, Plaintiff does not specify which medical source opinion he believes was erroneously ignored. (Ct. Rec. 14 at 13.) Further, *de novo* review indicates the ALJ properly evaluated the medical evidence and supported his determination by proper reference to the record.

At step two of the sequential evaluation, the ALJ determines whether a claimant suffers from a "severe" impairment, *i.e.,* one that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing

medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1508, 416.908. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security regulations. *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *SSR* 85-28.[1] "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.*

As further explained in the Commissioner's policy ruling, "medical evidence alone is evaluated in order to assess the effects of the impairments on ability to do basic work activities." *Id.*

[1] The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

Thus, in determining whether a claimant has a severe impairment, the ALJ evaluates the medical evidence submitted and must explain the weight given to the opinions of accepted medical sources in the record. The agency regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. §§ 404.1527, 416.927. A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), "As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830 (citation omitted). If the opinion is contradicted, it can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews,* 53 F.3d at 1043.

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of*

*Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

1. Psychotic Disorder

The ALJ discussed the Plaintiff's psychiatric evaluation for child protective services completed by David Bot, M.D., dated December 22, 2005, in which Dr. Bot diagnosed psychosis, NOS; personality disorder NOS with antisocial features. (Tr. 19, 22, 222-26.) He specifically found that Dr. Bot noted "the claimant did not currently present as psychotic and opined that his psychotic symptoms might be exclusively related to his drug use." (*Id.*) As indicated in Dr. Bot's report, Plaintiff reported methamphetamine use two months before his interview with Dr. Bot. Plaintiff stated "using methamphetamine was his business," but he did not use around his son. (Tr. 225.) He also reported he could not remember the last time he had heard voices (which he did not consider a "big deal"); he stated he was planning to work in the spring, and was working the week before the evaluation. (Tr. 222.) The ALJ was not required to reject Dr. Bot's opinion that Plaintiff was not psychotic at the time of the interview, or Dr. Bot's speculation that symptoms were related to drug abuse, as these opinions were reasonably interpreted as consistent with the ALJ's exclusion of psychotic disorder as a severe mental impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c).

2. Anti-social Personality Disorder

It is noted on *de novo* review that agency psychologist Jerry Gardner, Ph.D., opined Plaintiff exhibited symptoms of a personality disorder and was markedly limited in his ability to interact properly with the general public. (Tr. 176, 179-80.) However, Dr.

Gardner opined in his narrative portion that Plaintiff could be pleasant and appropriate, and provided care for his son. He concluded Plaintiff was able to "carry out superficial task related social interactions appropriately," but "may have more than average conflict with supervisors and coworkers." (Tr. 179-80.) The ALJ acknowledged Dr. Gardner's non-examining medical source opinion, and included corresponding restrictions in his RFC. (Tr. 22.) The ALJ's decision reflects reasoned consideration of reports and evaluations from other mental health sources, including the reports from Dr. Brown, Dr. Bot, and reviewing psychologist James Bailey's opinions that Plaintiff could follow multi-step tasks and work in a limited public contact setting. (Tr. 18-20, 329-30, 341, 361.) The ALJ thoroughly summarized and rationally interpreted the medical evidence and properly considered Plaintiff's significant lack of credibility in his step two analysis. 20 C.F.R. §§ 404.1520, 416.920; 404.1520a, 416.920a, 404.1520a(d)(1), 416.920a(d)(1); *Webb v. Barnhart*, 433 F.3d 683, 685 (9th Cir. 2005) (credibility an appropriate factor to consider in evaluation of medical evidence when claimant's subjective complaints conflict with medical evidence). Finally, even assuming the diagnosed personality disorder were severe, Plaintiff was not prejudiced by this omission because the identified limitation caused by anti-social personality disorder was considered throughout the sequential evaluation and included in the hypothetical at step five. (Tr. 565-66.) Therefore, the claimed error would be harmless. *Lewis v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007); *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006)

**C. RFC Determination**

It is well-settled that the ALJ is "responsible for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities," in these proceedings. *Richardson,* 402 U.S. at 400; *Andrews*, 53 F.3d at 1039; *SSR* 96-8p. The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. §§ 404.1546, 416.946*; SSR* 96-5p (RFC assessment is an administrative finding of fact reserved to the Commissioner). No special significance is given to a medical source opinion on issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). As discussed above, the ALJ considered the record in its entirety and factored Plaintiff's significant lack of credibility and symptoms attributable to substance abuse into his evaluation. The record supports the exertional and non-exertional limitations assessed and the hypothetical question to the VE is supported by the record in its entirety. Where the ALJ's determination is a rational interpretation of the evidence, and substantial evidence supports the determination of disability, the court may not substitute its judgment for that of the Commissioner. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); *Tackett*, 180 F.3d at 1097. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file

shall be closed and judgment entered for Defendant.

DATED October 8, 2009.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE